# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- ) | |
| ) | |
| VLOX, LLC ) | ASBCA Nos. 59305, 59306, 59307 |
| ) | 59308, 59309, 59310 |
| ) | |
| Under Contract No. W91B4N-09-D-5005 ) | |

APPEARANCES FOR THE APPELLANT:    Joseph A. Artabane, Esq.
                                  Artabane & Belden, P.C.
                                  Washington, DC

                                  Frank Smith, Esq.
                                  FMS Lawyer PL
                                  Cooper City, FL

                                  Billy B. Ruhling, II, Esq.
                                  DiMuroGinsberg, P.C.
                                  Alexandria, VA

APPEARANCES FOR THE GOVERNMENT:   Raymond M. Saunders, Esq.
                                  Army Chief Trial Attorney
                                  Frank A. March, Esq.
                                  Trial Attorney

## OPINION BY ADMNISTRATIVE JUDGE MCILMAIL ON THE PARTIES' CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT

### INTRODUCTION

The parties request that the Board interpret trucking contract clauses addressing when the contractor becomes entitled to "demurrage" payments. We have jurisdiction pursuant to the Contract Disputes Act, 41 U.S.C. §§ 7101-7109. We agree with appellant's interpretation.

### STATEMENT OF FACT FOR PURPOSES OF THE MOTIONS

The following facts are undisputed:

1. On 15 March 2009, the Department of the Army's Bagram Regional Contracting Center (the government) and appellant, now known as VLOX, Inc.

(VLOX)[1] entered into Contract No. W91B4N-09-D-5005, an indefinite delivery, indefinite quantity contract, for trucking services throughout Afghanistan (app. mot. at 1, ¶ 1; gov't cross-mot. at 1, ¶¶ 1-2).

2. The contract provides, at the following sections:

> **1.3 Compliance**.... The Contractor may encounter delays of up to three days at the origin or destination entry control points (ECPs).
>
> ....
>
> **4.14 ECP Laytime** is the time period that Contractors experience with trucking assets at the loading point ECP waiting for the [United States Government (USG)] to load, and at the unloading point ECP waiting for the USG to unload.... The USG has determined that reasonable ECP laytime, for both loading and unloading, to be three (3) days.
>
> **4.15 ECP Demurrage**. After three days of ECP laytime, contractors are entitled to receive payment of a daily demurrage rate as established in Appendix A – Price Schedule of the Contract. The determination of demurrage, and payment thereof, is at the discretion of the USG. ECP demurrage shall not be paid until after three (3) days ECP Laytime which may be tolled at either the origination point and/or the point of delivery.

(App. mot. at 2-3, ¶¶ 7-8; gov't cross-mot. at 2-3, ¶ 5)

3. On 12 May 2014, VLOX filed these appeals.

4. On 3 September 2014, the Board ruled that the six requests for demurrage payment that VLOX presented to the contracting officer pursuant to the contract (claims upon which, ultimately, the contracting officer did not issue final decisions) were proper "claims." *VLOX, Inc.*, ASBCA No. 59305 *et al.*, 14-1 BCA ¶ 35,740 at 174,922.

---

[1] At the time of contract, VLOX was operating under the name "NLC Construction, LLC" (app. mot. at 1, ¶ 1; gov't cross-mot. at 1, ¶ 1).

DECISION

Summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Delfasco LLC*, ASBCA No. 59153, 15-1 BCA ¶ 35,853. The parties dispute when the contract provides for demurrage payments. The government contends that the contract provides for demurrage payments beginning on the fourth day of laytime at the loading point, and beginning on the fourth day of laytime at the unloading point, but not before. That is, the government disagrees with VLOX that upon the fourth day of laytime (counting loading point laytime and unloading point laytime in the aggregate) the contract provides for demurrage payments if fewer than three days of laytime have elapsed at either point. In other words, the government disagrees with VLOX that, for example, if the contractor experience only two days of laytime at the loading point, and only two days of laytime at the unloading point, the contractor is entitled to a demurrage payment. Rather, the government contends that "demurrage should be totaled separately at each location, origin[] and destination" (that is, at loading and unloading), and that only if the contractor experiences more than three days of demurrage at the loading point, or more than three days of demurrage at the unloading point, would the contractor be entitled to any payment for demurrage.

We agree with VLOX's interpretation. Contract interpretation begins with the language of the written agreement. *Coast Federal Bank, FSB v. United States*, 323 F.3d 1035, 1038 (Fed. Cir. 2003). The parties agree that the contract language is unambiguous; where the provisions of the agreement are unambiguous, they must be given their plain and ordinary language, and we may not resort to extrinsic evidence to interpret them. *Id.* The contract (a) provides that "[l]aytime is the time period that Contractors experience with trucking assets at the loading point ECP waiting for the USG to load, and at the unloading point ECP waiting for the USG to unload"; (b) defines "reasonable ECP laytime, for both loading and unloading, to be three (3) days"; and (c) provides that "[a]fter three days of ECP laytime, contractors are entitled to receive payment of a daily demurrage rate." That language is plain and unambiguous; it means that if a contractor's truck waits more than three days to be loaded and unloaded, the contractor is owed a demurrage payment for any additional days, regardless of whether those first three days were spent waiting for loading, waiting for unloading, or a combination of the two. After all, if a person offers to pay three dollars for an apple and an orange he is not commonly understood to be offering to pay six dollars for the two pieces of fruit. Indeed, the plain and ordinary meaning of the term "both" is "[t]he one and the other; the two without the exception of either." BLACK'S LAW DICTIONARY 128 (abr. 6th ed. 1991).

Our interpretation is consistent with section 1.3 of the contract. That section's statement that "[t]he Contractor may encounter delays of up to three days at the origin

3

or destination entry control points (ECPs)" indicates that the contractor should expect that a truck's trip will be delayed by the loading and unloading process by at least three days, not that the contractor should expect six days of such delay, three at each of the origin and destination entry points. Nor do we find that the contract language that laytime "may be tolled at either the origination point and/or the point of delivery" means that a contractor is not entitled to a demurrage payment until after having waited more than three days for loading or more than three days for unloading; the same section in which that "tolling" language appears states, unequivocally and without any such qualification, that "[a]fter three days of ECP laytime, contractors are entitled to receive payment of a daily demurrage rate." The government's interpretation impermissibly rewrites that language to read "[a]fter three days of ECP laytime at the loading point, or after three days of ECP laytime at the unloading point, contractors are entitled to receive payment of a daily demurrage rate."

CONCLUSION

For the reasons stated, we conclude that there are no material facts in dispute and appellant is entitled to partial judgment as a matter of law. VLOX's motion for partial summary judgment is granted, and the government's motion for partial summary judgment is denied.

Dated: 23 July 2015

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

4

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 59305, 59306, 59307, 59308, 59309 and 59310, Appeals of VLOX, LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
